```
                      UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT

-------------------------------- x
JOSEPH A. MULLIGAN,              :
                                 :
        Plaintiff,               :   Civil No. 3:19-cv-327 (AWT)
                                 :
        v.                       :
                                 :
CONNECTICUT DEPARTMENT OF        :
DEVELOPMENTAL SERVICES,          :
                                 :
        Defendant.                :
-------------------------------- x
```

## ORDER RE MOTION TO REOPEN

The Request to Reopen and Reversal of Stipulation of Dismissal (the "Motion") (ECF No. 22) is hereby DENIED.

On October 7, 2019, the parties filed the Stipulation of Dismissal (the "Stipulation") (ECF No. 20), which stated that, "[p]ursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, plaintiff and defendant, through counsel, and by stipulation do hereby agree to dismissal of the . . . case as to the defendant, with prejudice." Id. On October 8, 2019, the court approved the Stipulation, dismissed the case with prejudice, and directed that the case be closed. See 10/8/2019 Order, ECF No. 21. On November 21, 2019, the plaintiff filed the instant motion, stating that "[he] initially dropped the case because of illness" and is now "able to go forward with the case if [the court] would allow it to be reopened." Motion at 1.

The plaintiff does not indicate whether he filed his motion pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). A motion to alter or amend judgment must be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). As judgment entered on October 8, 2019, see ECF No. 21, any motion to alter or amend judgment would be untimely. Therefore, the court considers the motion as filed pursuant to Rule 60(b). See Miles v. New York City Transit Auth., 802 Fed.Appx. 658, 659 (2d Cir. 2020) ("We construe a motion to reopen (filed more than 28 days after judgment . . .) as a motion under Federal Rule of Civil Procedure 60(b).") (citing Meilleur v. Strong, 682 F.3d 56, 60 (2d Cir. 2012)).

Because "final judgments should not be lightly reopened," a Rule 60(b) motion may be "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61-62 (2d Cir. 1986) (internal citations and quotations omitted). See also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) sets forth "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." (internal quotation marks and citation omitted)). Under Rule 60(b), the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

>    misrepresentation, or misconduct by an opposing party;
>    (4) the judgment is void; (5) the judgment has been
>    satisfied, released or discharged; it is based on an
>    earlier judgment that has been reversed or vacated; or
>    applying it prospectively is no longer equitable; or (6)
>    any other reason that justifies relief.

Fed. R. Civ. P. 60(b). On their face, subsections 60(b)(2) through (5) are inapplicable to the Motion. Accordingly, the Motion is treated as one pursuant to Rule 60(b)(1).[1]

"It is well established that Rule 60(b)(1) is not intended to relieve a litigant from the consequences of a voluntary and deliberate decision." Greig v. Harmon, 182 F.3d 899 (2d Cir. 1999) (citing Nemaizer 793 F.2d at 62 ("Mere dissatisfaction in hindsight with choices deliberately made" does not provide relief under Rule 60(b)(1))). Because the plaintiff agreed to the Stipulation and reiterated in the instant motion that he voluntarily chose to dismiss his case, the court concludes that the circumstances of this case are not exceptional and do not warrant the exercise of Rule 60(b)'s extraordinary judicial relief.

It is so ordered.

Dated this 23rd day of June 2020, at Hartford, Connecticut.

/s/ AWT
Alvin W. Thompson
United States District Judge

---

[1] The court notes that Rule 60(b)(6) is only available when the ground justifying relief is not already encompassed within any of the first five subsections of Rule 60(b). See United States v. Cirami, 535 F.2d 736, 740-41 (2d Cir. 1976).